# COURT OF SPECIAL SESSIONS — CITY OF NEW YORK — APPELLATE PART — SECOND JUDICIAL DEPARTMENT.

March 2, 1923.

## THE PEOPLE v. HARLOW McMILLEN.

ELECTION LAW—RIGHTS OF WATCHER—MAY DEMAND DEFECTIVE BALLOTS TO BE LAID ASIDE.

A duly appointed watcher is entitled to be within the guard rail and to have each ballot fully opened, read and examined, and to have defective ballots marked and laid aside before proceeding any further with the canvass, and such action is not interference with the inspectors or disorderly conduct.

APPEAL from a conviction for disorderly conduct tending to a breach of the peace, after trial had in a City Magistrate's Court, First District, Borough of Richmond, on November 8, 1922, and from a suspended sentence on November 11, 1922.

Before Hons. JAMES J. McINERNEY, Presiding Justice; JOHN J. FRESCHI and GEORGE J. O'KEEFE, Justices.

Appearances:

*Rounds, Schuman & Dwight* (*Mr. Albert S. Bard,* of counsel), for the appellant.

*Joseph Maloy, Esq., District Attorney,* Richmond County (by *Mr. J. M. Braisted,* of counsel), for the respondent.

FRESCHI, J.:

At the 1922 general election the appellant was the Prohibition party candidate for borough president of Richmond county, New York. He was also a duly appointed watcher; and, as such, was present at the examination and canvassing of

the ballots after the close of the polls at a polling place located in Public School No. 191, on Greenleaf avenue, borough of Richmond. The complainant here was the chairman of the Board of Election Inspectors. Some dispute arose concerning the disposition of certain ballots. The defendant, who was entitled to be within the guard rail (Election Law, § 196), was also within his rights to have each ballot fully opened, read and examined (Election Law, § 213), and thereupon to obtain from the Board of Election Inspectors a ruling on his objections relative to the validity of such ballots (Election Law, § 220).

Certain ballots were claimed by the defendant to be wholly void (Election Law, § 219, Rule I), because the voters' marks were outside of a voting square for Governor; and he insisted that the ballots be marked void and laid aside before proceeding any further with the canvass. This the chairman refused to do, in clear violation of the Election Law, § 220.

Van Vorst, the complainant, caused the arrest of the defendant and charged him with disorderly conduct tending to a breach of the peace, in that he entered the said " polling place, interfered with the Board of Inspectors while they were performing their duties, refused to leave when requested to do so, and insisted on being arrested."

All the appellant did was to assert his rights as a watcher, candidate and citizen. The alleged interference with the inspectors, to come within the intendment of the so-called disorderly conduct statute (New York City Consolidation Act, §§ 1458 and 1459), must be shown to be unwarranted and unreasonable, and in clear wilful violation of another's legal rights. Section 764, subd. 21, of the Penal Law makes it a misdemeanor to wilfully disobey any lawful command of the Board of Inspectors, or any member thereof, which is triable only in a Court of Special Sessions.

The record is devoid of any threatening, abusive and insulting behavior on the part of the defendant; and I feel con-

strained to say that, with all due respect to the learned magistrate who tried this case, the circumstances do not warrant the finding of any disorderly conduct tending to a breach of the peace.

Judgment of conviction reversed for errors of fact, complaint dismissed and appellant is discharged.

Opinion by FRESCHI, J.; McINERNEY and O'KEEFE, JJ., concur in result.